# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

SHAWN SINGLETON,         )
In her individual capacity and    )
as Administrator of the Estate    )
of Derrick Stubbs, Deceased,    )
                             )
       Plaintiff,          )
                             )
     v.                )     CIVIL ACTION FILE NO.:
                             )     4:14-cv-00290-HLM
BRIAN OWENS, Commissioner, Georgia )
Department of Corrections, et al.,   )
                             )
       Defendants.        )

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT TIM CLARK

COMES NOW, Defendant Tim Clark, by and through undersigned counsel, and submits this, his Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (Doc.12):

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant Tim Clark did not violate any of Derrick Stubbs' rights protected by the United States Constitution or federal law; therefore, Plaintiff is not entitled to any relief against Defendant Clark under 42 U.S.C. § 1983 or any other federal law or treaty.

## SECOND DEFENSE

Plaintiff is not entitled to any relief against Tim Clark under the laws of the State of Georgia.

## THIRD DEFENSE

Pursuant to Federal Rule of Civil Procedure 12(b)(6), one or more of Plaintiff's causes of action fail to state a claim upon which relief can be granted against Tim Clark.

## FOURTH DEFENSE

Defendant Tim Clark denies that Derrick Stubbs suffered cognizable injuries or damage as a result of any acts or omissions on the part of Tim Clark.

## FIFTH DEFENSE

Defendant Tim Clark states that any injury, damage, or loss alleged by the Plaintiff or Derrick Stubbs was the result of actions, incidents or other negligent or intentional conduct by Stubbs or other individuals prior or subsequent to any act or conduct of Tim Clark.

## SIXTH DEFENSE

Defendant Tim Clark pleads the affirmative defenses of contributory negligence and assumption of risk.

434643v.1

## SEVENTH DEFENSE

Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 may not be brought against Defendant Tim Clark based upon a theory of vicarious liability or *respondeat superior.*

## EIGHTH DEFENSE

Defendant Tim Clark pleads the affirmative defense that Plaintiff or Derrick Stubbs failed to mitigate their own damages.

## NINTH DEFENSE

The allegations in the Complaint are frivolous and without merit such that Tim Clark is entitled to an award of attorney's fees and costs under 42 U.S.C. § 1988.

## TENTH DEFENSE

Defendant Tim Clark asserts that any injuries suffered by Plaintiff or Derrick Stubbs were caused by agents or entities not under his control.

## ELEVENTH DEFENSE

Plaintiff's or Derrick Stubbs' injuries, if any, were not proximately caused by any action or omission of Defendant Tim Clark.

## TWELFTH DEFENSE

Defendant Tim Clark asserts that he is entitled to qualified immunity from the claims in this action.

3

### THIRTEENTH DEFENSE

To the extent Plaintiff's Complaint is construed as asserting a federal claim against Tim Clark in his official capacity, said claim cannot be sustained because this Defendant in his official capacity is not considered a "person" within the meaning of 42 U.S.C. § 1983. This Defendant further shows that such a claim would be barred by the Eleventh Amendment of the United States Constitution.

### FOURTEENTH DEFENSE

The Plaintiff's Amended Complaint fails to state a claim for which relief can be granted as to punitive damages.

### FIFTEENTH DEFENSE

Defendant Tim Clark asserts that an award of punitive damages in this action would violate his state and federal constitutional rights and punitive damages claims should be dismissed from this action.

### SIXTEENTH DEFENSE

Defendant Tim Clark adopts and incorporates by reference herein any and all applicable affirmative defenses raised by any of the other defendants to this action and, to the extent as may be shown by evidence through discovery, Defendant Tim Clark raises all affirmative defenses set forth in FED.R.CIV.P. 8(c) to the extent they are or may become applicable.

4

SEVENTEENTH DEFENSE

Defendant Tim Clark reserves the right to amend the affirmative defenses and to add new affirmative defenses in the event future discovery reveals the existence of or need for such.

## ANSWER TO THE AMENDED COMPLAINT

Defendant Tim Clark responds to the specific allegations of the Complaint as follows:

### I.   PRELIMINARY STATEMENT

1. Defendant Tim Clark admits that Plaintiff has brought this action pursuant to 42 U.S.C. § 1983 for alleged violations of Derrick Stubbs' constitutional rights under the Eighth Amendment.  Defendant Tim Clark admits that Stubbs was found dead, apparently murdered by other inmates, at Hays State Prison on December 19, 2012.  Clark is without sufficient personal knowledge to determine the truth of Plaintiff's allegations regarding Stubbs' interactions with other inmates or his medical care.  Accordingly, all such averments are denied at this time.  Clark is without sufficient personal knowledge to determine the truth of Plaintiff's allegations regarding the knowledge of other prison officials or officers.  Accordingly, all such averments are denied at this time. Defendant Tim Clark admits that other inmates at Hays State Prison were murdered subsequent to Stubbs, but

5

asserts such incidents are irrelevant to the causes of action in this suit as set forth in Defendants' Motion to Strike.  Defendant Tim Clark is without personal knowledge or recollection of having any interaction with Stubbs or his family, or otherwise having knowledge of threats regarding Stubbs prior to his death.  Defendant Tim Clark denies that he acted with deliberate indifference in violation of the Eighth Amendment such that he can be held liable for the death of Stubbs.

2.   Defendant Tim Clark submits that the contents of Paragraph 2 of the Complaint are cited from the Georgia Department of Corrections' website. Defendant Tim Clark submits that he is not responsible for the content or information on the website and cannot attest to its accuracy or authenticity, but such content and information speaks for itself.

3.   Defendant Tim Clark submits that the prison audits referenced in Paragraph 3 of the Complaint speak for themselves.  All other averments set forth in Paragraph 3 of the Complaint are denied as stated.

4.   Defendant Tim Clark denies that he acted with deliberate indifference or otherwise violated Derrick Stubbs' constitutional rights. Clark admits Hays State Prison housed convicted felons; that inmate on inmate assaults did occur; that inmates found ways to obtain or make contraband, including cell phones and weapons; and that inmates found ways to use said contraband.

6

Defendant Clark is without personal knowledge and denies all other averments set forth in Paragraph 4.

5. Defendant Tim Clark denies the averments set forth in Paragraph 5.

6. Defendant Tim Clark denies that he acted with deliberate indifference towards Derrick Stubbs.   Defendant Tim Clark is without personal knowledge regarding Plaintiff's claims regarding Stubbs' medical care. Accordingly, all such averments are denied.

7. Defendant Tim Clark denies that his actions proximately caused Derrick Stubbs' death or that he is otherwise liable for Stubbs' death.

## II.   JURISDICTION

8. Admit.

## III.   VENUE

9. Admit.

## IV.   PLAINTIFF

10. Defendant Tim Clark is without personal knowledge sufficient to determine the truth of the allegations set forth in Paragraph 10.  Accordingly, all such averments are denied at this time.

11. Defendant Tim Clark admits that Derrick Stubbs was found dead at Hays State Prison on December 19, 2012.  Defendant Tim Clark without personal knowledge or specific recollection sufficient to determine the truth of the

remaining allegations set forth in Paragraph 11.   Accordingly, all such averments are denied at this time.

## V.     DEFENDANTS

12. Defendant Tim Clark admits that Brian Owens was Commissioner of the Georgia Department of Corrections in December 2012.   Defendant Tim Clark is without specific personal knowledge sufficient to determine the truth of the remaining allegations set forth in Paragraph 12.  Accordingly, all such averments are denied at this time.

13. Defendant  Tim  Clark  admits  that  Timothy  Ward  was  Assistant Commissioner of the Georgia Department of Corrections in December 2012. Defendant Tim Clark is without specific personal knowledge sufficient to determine the truth of the remaining allegations set forth in Paragraph 13. Accordingly, all such averments are denied at this time.

14. Defendant Tim Clark admits that Clay Tatum was the Warden at Hays State Prison in December 2012.  Defendant Tim Clark is without specific personal knowledge sufficient to determine the truth of the remaining allegations set forth in Paragraph 14.   Accordingly, all such averments are denied at this time.

15. Defendant Tim Clark admits that Shay Hatcher was the Deputy Warden of Security at Hays State Prison in December 2012.   Defendant Tim Clark is

without specific personal knowledge sufficient to determine the truth of the remaining allegations set forth in Paragraph 15. Accordingly, all such averments are denied at this time.

16. Defendant Tim Clark admits that Betty Bailey-Dean was the Deputy Warden of Care and Treatment at Hays State Prison in December 2012. Defendant Tim Clark is without specific personal knowledge sufficient to determine the truth of the remaining allegations set forth in Paragraph 16. Accordingly, all such averments are denied at this time.

17. Defendant Tim Clark submits he was a Unit Manager at Hays State Prison in December 2012. All other averments set forth in Paragraph 17 are denied.

18. Defendant Tim Clark admits that Thomas Bennett was a Sergeant at Hays State Prison in December 2012. Defendant Tim Clark is without specific personal knowledge sufficient to determine the truth of the remaining allegations set forth in Paragraph 18. Accordingly, all such averments are denied at this time.

19. Defendant Tim Clark admits that Reagan Black was the Captain at Hays State Prison in December 2012. Defendant Tim Clark is without specific personal knowledge sufficient to determine the truth of the remaining allegations set forth in Paragraph 19. Accordingly, all such averments are denied at this time.

9

20. Defendant Tim Clark admits that Joshua Duncan was a correctional officer at Hays State Prison in December 2012.  Defendant Tim Clark is without specific personal knowledge sufficient to determine the truth of the remaining allegations set forth in Paragraph 20.  Accordingly, all such averments are denied at this time.

21. Defendant Tim Clark admits that Mark Hester was a Sergeant at Hays State Prison in December 2012.  Defendant Tim Clark is without specific personal knowledge sufficient to determine the truth of the remaining allegations set forth in Paragraph 21.  Accordingly, all such averments are denied at this time.

22. Defendant Tim Clark admits that Randy Lee Reed was a Lieutenant at Hays State Prison in December 2012.  Defendant Tim Clark is without specific personal knowledge sufficient to determine the truth of the remaining allegations set forth in Paragraph 22.  Accordingly, all such averments are denied at this time.

23. Defendant Tim Clark admits that Ralph Shropshire was a Sergeant at Hays State Prison in December 2012.  Defendant Tim Clark is without specific personal knowledge sufficient to determine the truth of the remaining allegations set forth in Paragraph 23.  Accordingly, all such averments are denied at this time.

434643v.1

24. Defendant Tim Clark admits that Stephanie Clayton was a correctional officer at Hays State Prison in December 2012.  Defendant Tim Clark is without specific personal knowledge sufficient to determine the truth of the remaining allegations set forth in Paragraph 24.   Accordingly, all such averments are denied at this time.

25.  Defendant Tim Clark is without specific personal knowledge sufficient to determine the truth of the allegations set forth in Paragraph 25. Accordingly, all such averments are denied at this time.

26. Defendant Tim Clark admits that Earl Henderson Mack was a correctional officer at Hays State Prison in December 2012.  Defendant Tim Clark is without specific personal knowledge sufficient to determine the truth of the remaining allegations set forth in Paragraph 26.   Accordingly, all such averments are denied at this time.

27. Defendant Tim Clark admits that Steve Allen DeBord was a Unit Manager at Hays State Prison in December 2012.  Defendant Tim Clark is without specific personal knowledge sufficient to determine the truth of the remaining allegations set forth in Paragraph 27.   Accordingly, all such averments are denied at this time.

28. Defendant Tim Clark admits that Charles Lee was a correctional officer at Hays State Prison in December 2012.   Defendant Tim Clark is without

11

specific personal knowledge sufficient to determine the truth of the remaining allegations set forth in Paragraph 28. Accordingly, all such averments are denied at this time.

29. Defendant Tim Clark admits that Franklin Roaderick was a Sergeant at Hays State Prison in December 2012. Defendant Tim Clark is without specific personal knowledge sufficient to determine the truth of the remaining allegations set forth in Paragraph 29. Accordingly, all such averments are denied at this time.

30. Defendant Tim Clark admits that Aaron Rowland was a correctional officer at Hays State Prison in December 2012. Defendant Tim Clark is without specific personal knowledge sufficient to determine the truth of the remaining allegations set forth in Paragraph 30. Accordingly, all such averments are denied at this time.

31. Defendant Tim Clark admits that Joseph Murray was a correctional officer at Hays State Prison in December 2012. Defendant Tim Clark is without specific personal knowledge sufficient to determine the truth of the remaining allegations set forth in Paragraph 31. Accordingly, all such averments are denied at this time.

32. Defendant Tim Clark admits that Nicholas Souther was a correctional officer at Hays State Prison in December 2012. Defendant Tim Clark is

434643v.1

without specific personal knowledge sufficient to determine the truth of the remaining allegations set forth in Paragraph 32. Accordingly, all such averments are denied at this time.

33. Defendant Tim Clark admits that Ricky Walker was a correctional officer at Hays State Prison in December 2012. Defendant Tim Clark is without specific personal knowledge sufficient to determine the truth of the remaining allegations set forth in Paragraph 33. Accordingly, all such averments are denied at this time.

34. Defendant Tim Clark admits that Brenda Bailey was a nurse at Hays State Prison in December 2012. Defendant Tim Clark is without specific personal knowledge sufficient to determine the truth of the remaining allegations set forth in Paragraph 34. Accordingly, all such averments are denied at this time.

35. Defendant Tim Clark is without specific personal knowledge sufficient to determine the truth of the allegations set forth in Paragraph 35. Accordingly, all such averments are denied at this time.

36. Defendant Tim Clark admits that Rachel Hatch was a nurse at Hays State Prison in December 2012. Defendant Tim Clark is without specific personal knowledge sufficient to determine the truth of the remaining allegations set

forth in Paragraph 36.  Accordingly, all such averments are denied at this time.

37. Defendant Tim Clark is without specific personal knowledge sufficient to determine the truth of the allegations set forth in Paragraph 37. Accordingly, all such averments are denied at this time.

38. Defendant Tim Clark admits that Dr. Monica Hill was a physician at Hays State Prison in December 2012.  Defendant Tim Clark is without specific personal knowledge sufficient to determine the truth of the remaining allegations set forth in Paragraph 38.  Accordingly, all such averments are denied at this time.

39. Defendant Tim Clark admits that Amy Woods was a nurse at Hays State Prison in December 2012  Defendant Tim Clark is without specific personal knowledge sufficient to determine the truth of the remaining allegations set forth in Paragraph 39.  Accordingly, all such averments are denied at this time.

40. Defendant Tim Clark is without specific personal knowledge sufficient to determine the truth of the allegations set forth in Paragraph 40. Accordingly, all such averments are denied at this time.

## VI.   STATEMENT OF FACTS

41. Defendant Tim Clark denies that he had specific knowledge of a substantial risk of serious harm to Derrick Stubbs or that he acted with deliberate indifference to any such risk. Defendant Clark admits Hays State Prison housed convicted felons; that inmate on inmate assaults did occur; that inmates found ways to obtain or make contraband, including cell phones and weapons; and that inmates found ways to use said contraband.  Defendant Clark is without personal knowledge and denies all other averments set forth in Paragraph 41.  All other averments set forth in Paragraph 41 are denied.

42.  Defendant Tim Clark denies that he had specific knowledge of a substantial risk of serious harm to Derrick Stubbs or that he acted with deliberate indifference to any such risk.

43. Defendant Tim Clark admits that he reviewed some incident reports involving inmate misconduct, that he was aware of GDC internal audits that found broken locks at Hays State Prison, that officers had been injured by a prisoner or prisoners, and that inmates complained about being incarcerated at Hays State Prison.  Defendant Tim Clark denies that he had specific knowledge of a substantial risk of serious harm to Derrick Stubbs or that he acted with deliberate indifference to any such risk.  All other averments set forth in Paragraph 43 are denied.

15

44. Denied as stated.  Defendant Tim Clark further denies that he had specific knowledge of a substantial risk of serious harm to Derrick Stubbs or that he acted with deliberate indifference to any such risk.

45. Defendant Tim Clark admits that broken cell door locks existed at Hays State Prison, but is without personal knowledge regarding all steps taken to fix cell door locks at Hays State Prison or the actions of all inmates such that he can determine the truth of the averments set forth in Paragraph 45. Therefore, these and all other averments set forth in Paragraph 45 are denied as stated.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Defendant Tim Clark is without personal knowledge or recollection regarding the specifics of all the averments set forth in Paragraph 50 such that he can determine their truth.  Defendant Clark admits that inmate Alford Morris was killed at Hays State Prison and that there was an incident in which an inmate stabbed two officers.  All other specific averments are denied at this time.  Defendant Tim Clark submits that the averments in Paragraph 50 are irrelevant to whether Tim Clark was aware of a specific

16

risk of substantial harm to Derrick Stubbs and are due to be stricken. Defendant Tim Clark further denies that he had specific knowledge of a substantial risk of serious harm to Derrick Stubbs or that he acted with deliberate indifference to any such risk.

51. Denied as stated.

52. Defendant Tim Clark is without specific personal knowledge or recollection regarding the averments set forth in Paragraph 52 regarding alleged particulars from numerous incident reports such that he can determine their truth.  Accordingly, all such averments are denied at this time. Defendant Tim Clark submits that the averments in Paragraph 52 are irrelevant to whether Tim Clark was aware of a specific risk of substantial harm to Derrick Stubbs and are due to be stricken.  Defendant Tim Clark further denies that he had specific knowledge of a substantial risk of serious harm to Derrick Stubbs or that he acted with deliberate indifference to any such risk.

53. Defendant Tim Clark admits that Derrick Stubbs was found dead at Hays State Prison on December 19, 2012.  Defendant Tim Clark denies that he had specific knowledge of a substantial risk of serious harm to Derrick Stubbs or that he acted with deliberate indifference to any such risk.

54. Denied. Defendant Tim Clark further submits that any actions taken subsequent to Derrick Stubbs' death are irrelevant to the issue of whether

Defendant Clark acted with deliberate indifference with respect to Stubbs and are due to be stricken.

55. Denied.  Defendant Tim Clark denies that he had specific knowledge of a substantial risk of serious harm to Derrick Stubbs or that he acted with deliberate indifference to any such risk.  Defendant Tim Clark submits that the purported conditions at Hays State Prison after Stubbs' death are irrelevant to the issue of whether Defendant Clark acted with deliberate indifference with respect to Stubbs and are due to be stricken.

56. Defendant Tim Clark is without specific personal knowledge or recollection regarding the averments set forth in Paragraph 56 such that he can determine their truth.  Accordingly, all such averments are denied at this time. Defendant Tim Clark further submits that any actions taken subsequent to Stubbs' death are irrelevant to the issue of whether Defendant Clark acted with deliberate indifference with respect to Stubbs and are due to be stricken.

57. Defendant Tim Clark is without specific personal knowledge or recollection regarding the averments set forth in Paragraph 57 such that he can determine their truth.  Accordingly, all such averments are denied at this time. Defendant Tim Clark further submits that any actions taken subsequent to Stubbs' death are irrelevant to the issue of whether Defendant Clark acted

18

with deliberate indifference with respect to Plaintiff Stubbs and are due to be stricken.

58. Defendant Tim Clark admits that Nathaniel Reynolds was killed by another inmate with a shank in January 2013.  Defendant Tim Clark further submits that any actions taken subsequent to Stubbs' death are irrelevant to the issue of whether Defendant Clark acted with deliberate indifference with respect to Stubbs and are due to be stricken.

59. Defendant Tim Clark is without specific personal knowledge or recollection regarding the averments set forth in Paragraph 59 such that he can determine their truth.   Accordingly, all such averments are denied at this time. Defendant Tim Clark further submits that any actions taken subsequent to Stubbs' death are irrelevant to the issue of whether Defendant Clark acted with deliberate indifference with respect to Stubbs and are due to be stricken.

60. Defendant Tim Clark is without specific personal knowledge or recollection regarding the averments set forth in Paragraph 60 such that he can determine their truth.  Accordingly, all such averments are denied at this time. Defendant Tim Clark further submits that any actions taken subsequent to Stubbs' death are irrelevant to the issue of whether Defendant Clark acted with deliberate indifference with respect to Stubbs.

61. Defendant Tim Clark admits that there were cell doors with broken locks at Hays State Prison.   Defendant Tim Clark denies that he had specific knowledge of a substantial risk of serious harm to Derrick Stubbs or that he acted with deliberate indifference to any such risk.

62. Defendant Tim Clark is without personal knowledge of the contents of the audits referenced in Paragraph 62 sufficient to determine the truth of averments in this paragraph.   Accordingly, all such averments in this paragraph are denied.

63. Defendant Tim Clark is without personal knowledge of the contents of the audit referenced in Paragraph 63 sufficient to determine the truth of averments in this paragraph.   Accordingly, all such averments in this paragraph are denied.

64. Defendant Tim Clark is without personal knowledge of the content of the audit referenced in Paragraph 64 sufficient to determine the truth of averments in this paragraph.   Accordingly, all such averments in this paragraph are denied.

65. Defendant Tim Clark is without personal knowledge of the content of the audit referenced in Paragraph 65 sufficient to determine the truth of averments in this paragraph.   Accordingly, all such averments in this paragraph are denied.

66. Defendant Tim Clark is without personal knowledge of the correspondence referenced in Paragraph 66 sufficient to determine the truth of averments in this paragraph.   Accordingly, all such averments in this paragraph are denied.

67. Defendant Tim Clark is without personal knowledge of the content of the audit referenced in Paragraph 67 sufficient to determine the truth of averments in this paragraph.   Accordingly, all such averments in this paragraph are denied.

68. Defendant Tim Clark is without personal knowledge of the incident report referenced in Paragraph 68 sufficient to determine the truth of averments in this paragraph.   Accordingly, all such averments in this paragraph are denied.

69. Defendant Tim Clark is without personal knowledge of the report referenced in Paragraph 69 sufficient to determine the truth of averments in this paragraph.   Accordingly, all such averments in this paragraph are denied.

70. Defendant Tim Clark is without personal knowledge of the report referenced in Paragraph 70 sufficient to determine the truth of averments in this paragraph.   Accordingly, all such averments in this paragraph are denied.

434643v.1

71. Defendant Tim Clark is without personal knowledge of the summary referenced in Paragraph 71 sufficient to determine the truth of averments in this paragraph.   Accordingly, all such averments in this paragraph are denied.

72. Denied.  Defendant Tim Clark denies that he had specific knowledge of a substantial risk of serious harm to Derrick Stubbs or that he acted with deliberate indifference to any such risk.

73. Defendant Tim Clark is without personal knowledge of the purchase order in Paragraph 73 sufficient to determine the truth of averments in this paragraph.  Accordingly, all such averments in this paragraph are denied.

74. Defendant Tim Clark is without personal knowledge of the audits or purchase order in Paragraph 74 sufficient to determine the truth of averments in this paragraph.   Accordingly, all such averments in this paragraph are denied.

75. Defendant Tim Clark is without personal knowledge of averments set forth in Paragraph 75 sufficient to determine their truth.  Accordingly, all such averments in this paragraph are denied.

76. Defendant Tim Clark is without personal knowledge of averments set forth in Paragraph 76 sufficient to determine their truth.  Accordingly, all such averments in this paragraph are denied.

77. Defendant Tim Clark is without personal knowledge of averments set forth in Paragraph 77 sufficient to determine their truth.  Accordingly, all such averments in this paragraph are denied. Defendant Tim Clark denies that he had specific knowledge of a substantial risk of serious harm to Derrick Stubbs or that he acted with deliberate indifference to any such risk.

78. Defendant Tim Clark is without personal knowledge of averments set forth in Paragraph 78 sufficient to determine their truth.  Accordingly, all such averments in this paragraph are denied. Defendant Tim Clark denies that he had specific knowledge of a substantial risk of serious harm to Derrick Stubbs or that he acted with deliberate indifference to any such risk.

79. Defendant Tim Clark is without personal knowledge of averments set forth in Paragraph 79 sufficient to determine their truth.  Accordingly, all such averments in this paragraph are denied. Defendant Tim Clark denies that he had specific knowledge of a substantial risk of serious harm to Derrick Stubbs or that he acted with deliberate indifference to any such risk.

80. Defendant Tim Clark is without personal knowledge or specific recollection of averments set forth in Paragraph 80 sufficient to determine their truth. Accordingly, all such averments in this paragraph are denied.

434643v.1

81. Defendant Tim Clark is without personal knowledge or specific recollection of averments set forth in Paragraph 81 sufficient to determine their truth. Accordingly, all such averments in this paragraph are denied.

82. Defendant Tim Clark is without personal knowledge of averments set forth in Paragraph 82 sufficient to determine their truth. Accordingly, all such averments in this paragraph are denied.

83. Defendant Tim Clark is without personal knowledge of averments set forth in Paragraph 83 sufficient to determine their truth. Accordingly, all such averments in this paragraph are denied.

84. Defendant Tim Clark is without personal knowledge of averments set forth in Paragraph 84 sufficient to determine their truth. Accordingly, all such averments in this paragraph are denied.

85. Defendant Tim Clark is without personal knowledge of averments set forth in Paragraph 85 sufficient to determine their truth. Accordingly, all such averments in this paragraph are denied.

86. Defendant Tim Clark is without personal knowledge of averments set forth in Paragraph 86 sufficient to determine their truth. Accordingly, all such averments in this paragraph are denied.

434643v.1

87. Defendant Tim Clark is without personal knowledge of averments set forth in Paragraph 87 sufficient to determine their truth.  Accordingly, all such averments in this paragraph are denied.

88. Defendant Tim Clark is without personal knowledge of averments set forth in Paragraph 88 sufficient to determine their truth.  Accordingly, all such averments in this paragraph are denied.

89. Defendant Tim Clark is without personal knowledge of averments set forth in Paragraph 89 sufficient to determine their truth.  Accordingly, all such averments in this paragraph are denied.

90. Defendant Tim Clark is without personal knowledge of averments set forth in Paragraph 90 sufficient to determine their truth.  Accordingly, all such averments in this paragraph are denied.

91. Defendant Tim Clark is without personal knowledge of averments set forth in Paragraph 91 sufficient to determine their truth.  Accordingly, all such averments in this paragraph are denied.

92. Defendant Tim Clark is without personal knowledge of averments set forth in Paragraph 92 sufficient to determine their truth.  Accordingly, all such averments in this paragraph are denied.

434643v.1

93. Defendant Tim Clark is without personal knowledge of averments set forth in Paragraph 93 sufficient to determine their truth.  Accordingly, all such averments in this paragraph are denied.

94. Defendant Tim Clark is without personal knowledge of the log book entry set forth in Paragraph 94 sufficient to determine its truth.  Accordingly, all such averments in this paragraph are denied.

## VII.   COUNT I
### VIOLATION OF EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

95. Defendant Tim Clark reasserts and incorporates his responses to Paragraphs 1 through 94 of the Amended Complaint as if fully set forth herein.

96. Defendant Tim Clark denies that he had specific knowledge of a substantial risk of serious harm to Derrick Stubbs or that he acted with deliberate indifference to any such risk.

97. Defendant Tim Clark denies that he had specific knowledge of a substantial risk of serious harm to Derrick Stubbs or that he acted with deliberate indifference to any such risk.

98. Denied.  Defendant Tim Clark denies that he had specific knowledge of a substantial risk of serious harm to Derrick Stubbs or that he acted with deliberate indifference to any such risk.

99. Denied.  Defendant Tim Clark denies that he had specific knowledge of a substantial risk of serious harm to Derrick Stubbs or that he acted with deliberate indifference to any such risk.

## VIII.  COUNT II
### DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS IN VIOLATION OF FOURTEENTH AMENDMENT AND 42 U.S.C. § 1983

100. Defendant Tim Clark reasserts and incorporates his responses to Paragraphs 1 through 99 of the Amended Complaint as if fully set forth herein.

101. Defendant Tim Clark is without personal knowledge of averments set forth in Paragraph 101 sufficient to determine their truth.  Accordingly, all such averments in this paragraph are denied.

102. Defendant Tim Clark is without personal knowledge of averments set forth in Paragraph 102 sufficient to determine their truth.  Accordingly, all such averments in this paragraph are denied.

103. Defendant Tim Clark is without personal knowledge of averments set forth in Paragraph 103 sufficient to determine their truth.  Accordingly, all such averments in this paragraph are denied.

434643v.1

104.   Defendant Tim Clark is without personal knowledge of averments set forth in Paragraph 104 sufficient to determine their truth. Accordingly, all such averments in this paragraph are denied.

## IX.   PRAYER FOR RELIEF

Defendant Tim Clark denies that Plaintiff is entitled to compensatory, punitive or any other monetary damages in this action. Defendant Tim Clark further denies that Plaintiff is entitled to attorney's fees or costs, pursuant to 42 U.S.C. § 1988 or otherwise, in this action or any other relief based on or arising from the claims in this suit.

## GENERAL DENIAL

Defendant Tim Clark denies all allegations not specifically addressed previously in this Answer.

## JURY DEMAND

Defendant Tim Clark demands trial by Jury.

Respectfully submitted, this the 26th day of February, 2015.

/s/ Matthew F. Boyer
MATTHEW F. BOYER
GEORGIA BAR NO. 141512
Attorney for Tim Clark

28

**NALL & MILLER, LLP**
Suite 1500, North Tower
235 Peachtree Street, N.E.
Atlanta, Georgia 30303
Phone: 404-522-2200
Facsimile: 404-522-2208
mboyer@nallmiller.com

434643v.1

## <u>CERTIFICATE OF COMPLIANCE AND SERVICE</u>

I certify that this document was prepared in Times New Roman 14 point font, one of the fonts and typeface sizes approved by Local Rule 5.1(C).  I further certify that I have this day served a copy of the within and foregoing **ANSWER AND AFFIRMATIVE DEFENSES BY DEFENDANT TIM CLARK** upon all parties to this matter by electronically filing it with the Clerk of Court using the CM/ECF system, which automatically will send e-mail notification of such filing to the following attorneys of record:

Lawrence J. Bracken, II
Andrew Alexander Stulce
Hunton & Williams, LLP
600 Peachtree St. NE,
Bank of America Plaza, Suite 4100
Atlanta, Georgia 30308
*Attorneys for Plaintiff*

Thomas G. Gardiner
Barry C. Owen
Shannon V. Condon
Gardiner, Koch, Weisberg & Wrona
Ste. 950
53 West Jackson Boulevard
Chicago, Illinois 60604
*Attorneys for Plaintiff*

Tina M. Piper
Laura L. Lones
Department of Law
40 Capitol Square, S.W.
Atlanta, GA 30334
*Attorneys for Defendants Owens, Ward,*
*Tatum, Hatcher, and Bailey Dean*

Respectfully submitted, this the 26th day of February, 2015.

/s/ *Matthew F. Boyer*
MATTHEW F. BOYER
GEORGIA BAR NO. 141512
*Attorney for Tim Clark*

30

434643v.1

**NALL & MILLER, LLP**
Suite 1500, North Tower
235 Peachtree Street, N.E.
Atlanta, Georgia 30303
Phone: 404-522-2200
Facsimile: 404-522-2208
mboyer@nallmiller.com

434643v.1