**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

SHAWN SINGLETON,
in her individual capacity and
as Administrator of the Estate
of Derrick Stubbs, Deceased,

   Plaintiff,

v.

BRIAN OWENS, Commissioner
Georgia Department of Corrections,
et al.,

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.:
4:14-CV-290 (HLM)

**ANSWER AND DEFENSES OF DEFENDANTS OWENS, WARD, TATUM,
HATCHER, BAILY-DEAN, BLACK, BENETT, CLAYTON, DEBORD,
DUNCAN, HESTER, HOGLUND, LEE, MACK, MURRAY, REED,
ROADERICK, ROWLAND, SOUTHER, SHROPSHIRE, WALKER,
<u>BAILEY, CUTSHALL, HAMMOCK, HATCH, HILL AND WOODS</u>**

COME NOW Defendants Brian Owens, Timothy Ward, Clay Tatum, Shay

Hatcher, Betty Bailey-Dean, Reagan Black, Thomas Bennett, Stephanie Clayton,

Steve Allen DeBord, Joshua Duncan, Mark Hester, Stefan Hoglund, Charles Lee,

Earl Henderson Mack, Joseph Murray, Randy Lee Reed, Franklin Roaderick,

Aaron Rowland, Nicholas Souther, Ralph Shropshire, Ricky Walker, Brenda

Bailey, Joshua Cutshall, Lacy Hammock, Rachel Hatch, Dr. Monica Hill, and Amy

Woods, and answer and respond to Plaintiff's Second Amended Complaint (Doc. 53) as follows:

### First Defense

Plaintiff fails to state a claim upon which relief may be granted.

### Second Defense

Plaintiff's claims are barred by the doctrine of qualified immunity.

### Third Defense

Defendants deny that Plaintiff has been subjected to the deprivation of any right, privilege, or immunities under the Constitution or laws of the United States or the State of Georgia.

### Fourth Defense

Defendants cannot be held liable for any actions involving Plaintiff in which they did not directly participate or of which they had no knowledge.

### Fifth Defense

Defendants have not caused Plaintiff any cognizable injury.

### Sixth Defense

The sole proximate cause of Plaintiff's alleged injuries and damages was the act of a person or persons for whose acts or omissions Defendants are in no way liable, with the result that the Plaintiff is not entitled to recover.

**Seventh Defense**

This action is barred in whole or in part by the doctrine of proximate cause.

**Eighth Defense**

As an Eighth Defense, these Defendants respond to the specifically numbered paragraphs of Plaintiff's Second Amended Complaint as follows:

1.

These Defendants admit that this is a civil rights action brought pursuant to § 1983 concerning the death of Inmate Derrick Stubbs, son of Plaintiff Shawn Stubbs, on December 19, 2012, at Hays State Prison. These Defendants further admit that Inmate Stubbs was injured on December 10, 2012. These Defendants deny the remaining allegations set forth in Paragraph 1.

2.

These Defendants state that the Georgia Department of Corrections's (GDC) website speaks for itself. These Defendants admit that Hays State Prison houses certain inmates who might be deemed "challenging." These Defendants otherwise deny the allegations set forth in Paragraph 2 as written.

3.

These Defendants state that the GDC's website and the specified audit reports speak for themselves.  These Defendants otherwise deny the allegations set forth in Paragraph 3 as written.

4.

These Defendants admit that certain problems existed at Hays.  These Defendants otherwise deny the allegations set forth in Paragraph 4.

5.

These Defendants deny the allegations set forth in Paragraph 5.

6.

These Defendants admit only that the building log book indicates that, on December 18, 2012, Inmate Stubbs reported shortness of breath.  These Defendants deny any other allegations set forth in Paragraph 6.

7.

These Defendants deny the allegations set forth in Paragraph 7.

8.

These Defendants deny the allegations set forth in Paragraph 8.

9.

These Defendants admit that venue is appropriate in the Rome Division of the Northern District of Georgia as the alleged underlying acts occurred at Hays State Prison located in Trion, Georgia.   These Defendants deny any other allegations set forth in Paragraph 9.

10.

Upon information and belief, these Defendants admit that Plaintiff is the mother of Inmate Stubbs and the Administrator of his estate.   These Defendants further admit that Inmate Stubbs was incarcerated following his convictions, after a jury trial, for armed robbery, aggravated assault, and firearms offenses in McDuffie County in or about 2009 and that Inmate Stubbs was incarcerated at Valdosta State Prison prior to his transfer to Hays State Prison.   Defendants are without sufficient information to form a belief as to the truth of any other allegations set forth in Paragraph 10 and so deny those allegations.

11.

These Defendants admit that, around the specified time on December 18, 2012, Officers Rowland and Walker became aware that Inmate Stubbs was experiencing shortness of breath.   Defendants deny any other allegations set forth in Paragraph 11.

12.

These Defendants admit that, on December 19, 2012, at approximately 5:25 am, Inmate Stubbs was found unresponsive in his cell at Hays State Prison and was later declared dead.   These Defendants deny any other allegations set forth in Paragraph 12.

13.

These Defendants deny the allegations set forth in Paragraph 13 as written.

14.

These Defendants deny the allegations set forth in Paragraph 14 as written. These Defendants admit only that Inmate Stubbs's death ultimately was declared a homicide and that blunt force trauma may have caused his death.

15.

Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 15 and so deny those allegations.

16.

Upon information and belief, these Defendants admit the allegations set forth in Paragraph 16.

17.

These Defendants admit that Brian Owens was at all relevant times the Commissioner of the GDC, that he is sued in his individual capacity, and that he had the responsibilities that came with his position. These Defendants deny any other allegations set forth in Paragraph 17.

18.

These Defendants admit that Timothy Ward is and was Assistant Commissioner of the GDC, that he is sued in his individual capacity, and that he had the responsibilities that came with his position. These Defendants deny any other allegations set forth in Paragraph 18.

19.

These Defendants admit that Clay Tatum was at all relevant times the Warden at Hays State Prison, that he is sued in his individual capacity, and that he had the responsibilities that came with his position. These Defendants deny any other allegations set forth in Paragraph 19.

20.

These Defendants admit that Shay Hatcher was at all relevant times Deputy Warden of Security at Hays State Prison, that he is sued in his individual capacity, and that he had the responsibilities that came with his position. These Defendants

deny any other allegations set forth in Paragraph 20.  As footnote 6 was stricken, no response to it is required.

21.

These Defendants admit that Betty Bailey-Dean was at all relevant times Deputy Warden of Care and Treatment, that she is sued in her individual capacity, and that she had the responsibilities that came with her position.  These Defendants deny any other allegations set forth in Paragraph 21.

22.

These Defendants admit that Timothy Clark was at all relevant times a Captain at Hays State Prison, that he is sued in his individual capacity, and that he had the responsibilities that came with his position.  These Defendants deny any other allegations set forth in Paragraph 22.

23.

These Defendants admit that Thomas Bennett was at all relevant times a Sergeant at Hays State Prison, that he is sued in his individual capacity, and that he had the responsibilities that came with his position.  These Defendants deny any other allegations set forth in Paragraph 23.

24.

These Defendants admit that Reagan Black was at all relevant times a Captain at Hays State Prison, that he is sued in his individual capacity, and that he had the responsibilities that came with his position. These Defendants deny any other allegations set forth in Paragraph 24.

25.

These Defendants admit that Joshua Duncan was at all relevant times a Correctional Officer at Hays State Prison, that he is sued in his individual capacity, and that he had the responsibilities that came with his position. These Defendants deny any other allegations set forth in Paragraph 25.

26.

These Defendants admit that Mark Hester was at all relevant times a Sergeant at Hays State Prison, that he is sued in his individual capacity, that he had the responsibilities that came with his position and that, for the December 18, 2012, night shift, he supervised the Special Management Unit (SMU) of which Building G-2 was a part. These Defendants deny any other allegations set forth in Paragraph 26.

27.

These Defendants admit that Randy Lee Reed was at all relevant times a Lieutenant at Hays State Prison, that he is sued in his individual capacity, that he had the responsibilities that came with his position and that he served as supervisor of the night shift when on duty in December 2012.  These Defendants deny any other allegations set forth in Paragraph 27.

28.

These Defendants admit that Ralph Shropshire was at all relevant times a Sergeant at Hays State Prison, that he is sued in his individual capacity, that he had the responsibilities that came with his position, and that he authorized the transfer of Inmate Stubbs to Building G on December 10, 2012.  These Defendants deny any other allegations set forth in Paragraph 28.

29.

These Defendants admit that Stephanie Clayton was at all relevant times a Correction Officer at Hays State Prison, that she is sued in his individual capacity, that she had the responsibilities that came with his position and that, in December 2012, she was working as a Bunker Officer.  These Defendants deny any other allegations set forth in Paragraph 29 and specifically deny that she was on duty near Inmate Stubbs.

30.

These Defendants admit that Stefan Hoglund was at all relevant times a Correctional Officer at Hays State Prison, that he is sued in his individual capacity, that he had the responsibilities that came with his position and that he worked the December 18, 2012, day shift in Building G-2.  These Defendants deny any other allegations set forth in Paragraph 22.

31.

These Defendants admit that Earl Henderson Mack was at all relevant times a Correctional Officer at Hays State Prison, that he is sued in his individual capacity, and that he had the responsibilities that came with his position.  These Defendants deny any other allegations set forth in Paragraph 31.

32.

These Defendants admit that Steve Allen DeBord was at all relevant times a Unit Manager at Hays State Prison, that he is sued in his individual capacity, that he had the responsibilities that came with his position and that he was at work on December 18, 2012.  These Defendants deny any other allegations set forth in Paragraph 32.

33.

These Defendants admit that Charles Lee was at all relevant times a Correctional Officer at Hays State Prison, that he is sued in his individual capacity, that he had the responsibilities that came with his position, and that, for the night shift beginning on December 18, 2012, he was the building officer for Building G-1 and had some responsibility for overseeing inmates residing in Building G-1, which did not include Inmate Stubbs. These Defendants deny any other allegations set forth in Paragraph 33.

34.

These Defendants admit that Franklin Roaderick was at all relevant times a Sergeant at Hays State Prison, that he is sued in his individual capacity, and that he had the responsibilities that came with his position. These Defendants deny any other allegations set forth in Paragraph 34.

35.

These Defendants admit that Aaron Rowland was at all relevant times a Correctional Officer at Hays State Prison, that he is sued in his individual capacity, that he had the responsibilities that came with his position, that on the night shift beginning of December 17, 2012, he was assigned to the G Building control room and that, on the night shift beginning on December 18, 2012, he was assigned to

Building G-2.  These Defendants deny any other allegations set forth in Paragraph 35.

36.

These Defendants admit that Joseph Murray was at all relevant times a Correctional Officer at Hays State Prison, that he is sued in his individual capacity, that he had the responsibilities that came with his position, that on the night shift beginning of December 17, 2012, he was assigned to the G-1 Building—where Inmate Stubbs was not incarcerated—and that, on the night shift beginning on December 18, 2012, he was assigned to G Building control room officer.  These Defendants deny any other allegations set forth in Paragraph 36.

37.

These Defendants admit that Nicholas Souther was at all relevant times a Correctional Officer at Hays State Prison, that he is sued in his individual capacity, that he had the responsibilities that came with his position, and that, for the December 18, 2012, day shift, he was assigned to the G Building control room. These Defendants deny any other allegations set forth in Paragraph 37.

38.

These Defendants admit that Ricky Walker was at all relevant times a Correctional Officer at Hays State Prison, that he is sued in his individual capacity,

13

that he had the responsibilities that came with his position, and that on the night shift beginning on December 17, 2012, he was assigned to Building G-2.  These Defendants deny any other allegations set forth in Paragraph 38.

39.

These Defendants admit the allegations set forth in Paragraph 39.

40.

These Defendants admit the allegations set forth in Paragraph 40.

41.

These Defendants admit the allegations set forth in Paragraph 41, except that these Defendants state that Defendant Hatch is a registered nurse.

42.

These Defendants admit the allegations set forth in Paragraph 42.

43.

These Defendants admit the allegations set forth in Paragraph 43.

44.

These Defendants admit the allegations set forth in Paragraph 44.

45.

These Defendants admit the allegations set forth in Paragraph 45, except that they deny that all Defendants were employees of the Georgia Department of Corrections.

46.

These Defendants deny the allegations set forth in Paragraph 44 as written. These Defendants admit that some of the conditions described existed at Hays State Prison, just as they exist at all prisons.  These Defendants deny any other allegations set forth in Paragraph 46.

47.

These Defendants deny the allegations set forth in Paragraph 47.

48.

These Defendants deny the allegations set forth in Paragraph 48 as written. These Defendants deny that the Correctional Defendants had specific knowledge of a substantial risk of serious harm to Inmate Stubbs or that they acted with deliberate indifference to any such risk.  These Defendants admit that Hays State Prison housed convicted felons; that inmate on inmate assaults did occur; that inmates found ways to obtain or make contraband, including cell phones and weapons; that inmates found ways to use said contraband; that not every lock

worked perfectly; and that certain Defendants reviewed reports concerning inmate misbehavior at Hays State Prison.  These Defendants deny any other allegations set forth in Paragraph 48.

49.

These Defendants deny the allegations set forth in Paragraph 49.

50.

These Defendants deny the allegations set forth in Paragraph 50.

51.

These Defendants admit only that not every staff position was filled in December 2012.  These Defendants deny any other allegation set forth in Paragraph 51.

52.

These Defendants deny the allegations set forth in Paragraph 52.

53.

These Defendants deny the allegations set forth in Paragraph 53.

54.

These Defendants deny the allegations set forth in Paragraph 54.

55.

These Defendants deny the allegations set forth in Paragraph 55 as written. These Defendants acknowledge that certain incidents occurred, but deny that they were the result of the deliberate indifference of the Correctional Defendants or that the described incidents have any pertinent relationship to Inmate Stubbs's death.

56.

These Defendants deny the allegations set forth in Paragraph 56.

57.

These Defendants deny the allegations set forth in Paragraph 57 as written. These Defendants acknowledge that certain incidents occurred, but deny that they were the result of the deliberate indifference of the Correctional Defendants or that the described incidents have any pertinent relationship to Inmate Stubbs's death.

58.

These Defendants admit that Inmate Stubbs was found unresponsive in his cell on December 19, 2012, and was subsequently declared dead and that he previously claimed to have been assaulted by an unknown inmate or inmates. These Defendants deny any other allegations set forth in Paragraph 58.

59.

These Defendants deny the allegations set forth in Paragraph 59.

60.

These Defendants deny the allegations set forth in Paragraph 60.

61-65.

As these Paragraphs have been stricken, no response is required.

66.

These Defendants deny the allegations set forth in Paragraph 66 as written. These Defendants admit only that some Correctional Defendants had some awareness of problems with locks.

67.

These Defendants state that the specified audit reports speak for themselves. These Defendants otherwise deny the allegations set forth in Paragraph 67 as written.

68.

These Defendants state that the specified audit report speaks for itself. These Defendants otherwise deny the allegations set forth in Paragraph 68 as written.

69.

These Defendants state that the specified audit report speaks for itself. These Defendants otherwise deny the allegations set forth in Paragraph 69 as written.

70.

These Defendants state that the specified audit report speaks for itself. These Defendants otherwise deny the allegations set forth in Paragraph 70 as written.

71.

These Defendants state that the specified letter speaks for itself.  These Defendants otherwise deny the allegations set forth in Paragraph 71 as written.

72.

These Defendants state that the specified audit report speaks for itself and that a new comprehensive locking system was installed after Inmate Stubbs's death.  These Defendants otherwise deny the allegations set forth in Paragraph 72 as written.

73.

These Defendants state that the specified documents speak for themselves. These Defendants otherwise deny the allegations set forth in Paragraph 73 as written.

74.

These Defendants state that the specified audit report speaks for itself. These Defendants otherwise deny the allegations set forth in Paragraph 74 as written.

75.

These Defendants state that the specified audit report speaks for itself. These Defendants otherwise deny the allegations set forth in Paragraph 75 as written.

76.

These Defendants state that the specified summary speaks for itself. These Defendants otherwise deny the allegations set forth in Paragraph 76 as written.

77.

These Defendants deny the allegations set forth in Paragraph 77.

78.

These Defendants state that the specified purchase order speaks for itself. These Defendants otherwise deny the allegations set forth in Paragraph 78 as written.

79.

These Defendants deny the allegations set forth in Paragraph 79 as written and deny that this allegation is pertinent to Inmate Stubbs's injuries or death.

80.

These Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 80 and so deny those allegations.

81.

These Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 81 and so deny those allegations.

82.

These Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 82 and so deny those allegations.

83.

These Defendants deny the allegations set forth in Paragraph 83.

84.

These Defendants admit only that Plaintiff's claims are based on events that occurred in December 2012.  These Defendants deny any other allegations set forth in Paragraph 84.

85.

The Defendants admit the allegations set forth in Paragraph 85.

86.

These Defendants deny the allegations set forth in Paragraph 86.

87.

These Defendants deny the allegations set forth in Paragraph 87.

88.

These Defendants admit that Inmate Stubbs sustained injuries on December 10, 2012.    These Defendants are without sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 88 and so deny those allegations.

89.

These Defendants admit that, following his injuries on December 10, 2012, Inmate Stubbs was transferred from Building D-1 to Building G-2, part of the special management unit at Hays State Prison.   These Defendants are without

sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 89 and so deny those allegations.

90.

These Defendants state that Inmate Stubbs's medical records speak for themselves.  These Defendants deny any other allegations set forth in Paragraph 90.

91.

These Defendants deny the allegations set forth in Paragraph 91.

92.

These Defendants deny the allegations set forth in Paragraph 92 as written. These Defendants admit only that, on December 10, 2012, following an altercation with an unknown inmate or inmates, Inmate Stubbs presented to Defendants Hill and Baily with superficial injuries and complaints of pain.

93.

These Defendants deny the allegations set forth in Paragraph 93.

94.

These Defendants deny the allegations set forth in Paragraph 94 as written. These Defendants admit only that, on or about December 11, 2012, Defendant

Cutshall conducted rounds in Building G-2 and found no medical problems present with Inmate Stubbs.

95.

These Defendants deny the allegations set forth in Paragraph 95 as written. These Defendants admit only that, on or about December 13, 2012, Defendant Hatch conducted rounds in Building G-2 and found no medical problems present with Inmate Stubbs.

96.

These Defendants deny the allegations set forth in Paragraph 96 as written. These Defendants admit only that, on or about December 15, 2012, Defendant Hammock conducted rounds in Building G-2 and found no medical problems present with Inmate Stubbs and that she was one of the nurses who attempted to render first aid to Inmate Stubbs when he was found unresponsive in his cell on the morning of December 19, 2012.

97.

These Defendants deny the allegations set forth in Paragraph 97 as written. These Defendants admit only that at or around the specified time on December 18, 2012, Inmate Stubbs informed Officer Walker of certain concerns which were

relayed to Officer Rowland in the control room, who then called a nurse.  These Defendants deny any other allegations set forth in Paragraph 97.

98.

These Defendants deny the allegations set forth in Paragraph 98 as written. These Defendants admit only that around the specified time on December 18, 2012, Officer Rowland was informed that Inmate Stubbs was experiencing shortness of breath and that Officer Rowland then documented that he contacted Nurse Woods who stated that she would need to review Inmate Stubbs's chart. These Defendants deny any other allegations set forth in Paragraph 98.

99.

These Defendants deny the allegations set forth in Paragraph 99.

100.

These Defendants admit that the allegations set forth in Paragraph 100 largely describe Inmate Stubbs's condition when he was found unresponsive by Defendant Rowland on the morning of December 19, 2012.

101.

These Defendants deny the allegations set forth in Paragraph 101 as written.

102.

These Defendants admit that Inmate Stubbs's death was classified as a homicide and that his death may have result from blows to his body.   These Defendants deny any other allegations set forth in Paragraph 102.

103.

These Defendants are without sufficient information to understand what Plaintiff means by her use of the word "authorities," and thus, cannot respond to these allegations.

104.

As this Paragraph has been stricken, no response is required.

105.

These Defendants deny the allegations set forth in Paragraph 105.

106.

These Defendants deny the allegations set forth in Paragraph 106.

107.

These Defendants reassert and incorporate their responses to Paragraphs 1 through 106 as set forth above.

108.

These Defendants deny the allegations set forth in Paragraph 108.

109.

These Defendants deny the allegations set forth in Paragraph 109.

110.

These Defendants deny the allegations set forth in Paragraph 110.

111.

These Defendants deny the allegations set forth in Paragraph 111.

112.

These Defendants deny the allegations set forth in Paragraph 112.

113.

These Defendants deny the allegations set forth in Paragraph 113.

114.

These Defendants deny the allegations set forth in Paragraph 114.

115.

These Defendants deny the allegations set forth in Paragraph 115.

116.

These Defendants deny the allegations set forth in Paragraph 116.

117.

These Defendants deny the allegations set forth in Paragraph 117.

118.

These Defendants reassert and incorporate their responses to Paragraphs 1 through 45 and 84 through 106 as set forth above.

119.

These Defendants deny the allegations set forth in Paragraph 119.

120.

These Defendants admit that Inmate Stubbs was injured on December 10, 2012, and died on December 19, 2012. These Defendants deny the remaining allegations set forth in Paragraph 120.

121.

These Defendants deny the allegations set forth in Paragraph 121.

122.

These Defendants deny the allegations set forth in Paragraph 122.

123.

These Defendants deny the allegations set forth in Paragraph 123.

124.

These Defendants deny the allegations set forth in Paragraph 124.

125.

Any allegation not otherwise responded to above is hereby denied. Defendants deny that they are liable to Plaintiff for any reason or in any amount.

WHEREFORE Defendants pray that this Court:

1. Enter judgment in their favor and against Plaintiff;

2. Deny Plaintiff all relief;

3. Grant them a jury trial; and

4. Grant them such other and further relief as the Court may deem appropriate

Respectfully submitted this 26th day of May, 2015.

SAMUEL S. OLENS                  551540
Attorney General

KATHLEEN M. PACIOUS             558555
Deputy Attorney General

DEVON ORLAND                    554301
Senior Assistant Attorney General

*/s/ Laura L. Lones*
LAURA L. LONES                  456778
Assistant Attorney General

*/s/ Ronald J. Stay*
RONALD J. STAY                  621732
Assistant Attorney General

PLEASE SERVE:
Laura L. Lones
Ronald J. Stay
Department of Law
40 Capitol Square, S.W.
Atlanta, GA  30334
Tel: (404) 463-8850
Fax: (404) 651-5304
llones@law.ga.gov
rstay@law.ga.gov

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point New Times Roman type face.

*/s/Laura L. Lones*
LAURA L. LONES                    456778

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2015, I electronically filed the foregoing **ANSWER AND DEFENSES OF DEFENDANTS OWENS, WARD, TATUM, HATCHER, BAILY-DEAN, BLACK, BENETT, CLAYTON, DEBORD, DUNCAN, HESTER, HOGLUND, LEE, MACK, MURRAY, REED, ROADERICK, ROWLAND, SOUTHER, SHROPSHIRE, WALKER, BAILEY, CUTSHALL, HAMMOCK, HATCH, HILL AND WOODS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Andrew Alexander Stulce
Hunton & Williams, LLP
600 Peachtree St. NE
Bank of America Plaza, Suite 4100
Atlanta, Georgia 30308

Lawrence J. Bracken, II
Hunton & Williams, LLP
600 Peachtree St. NE
Bank of America Plaza, Suite 4100
Atlanta, Georgia 30308

Barry C. Owen
Gardiner, Koch, Weisberg & Wrona
Ste. 950
53 West Jackson Boulevard
Chicago, Illinois 60604

Shannon V. Condon
Gardiner, Koch, Weisberg & Wrona
Ste. 950
53 West Jackson Boulevard
Chicago, Illinois 60604

Thomas G. Gardiner
Gardiner, Koch, Weisberg & Wrona
Ste. 950
53 West Jackson Boulevard
Chicago, Illinois 60604

*/s/Laura L. Lones*
LAURA L. LONES         456778